UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TANYA D. CAPPS | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| BRADLEY D. LOTT, | * | |
| S&B TRUCKING, LLC, and | * | |
| PRIME INSURANCE COMPANY | * | MAG: |

*************************************************************************

## NOTICE OF REMOVAL

**To:** The Judges of the United States District Court for the Middle District of Louisiana

Pursuant to 28 U.S.C. § 1446, Defendants, BRADLEY D. LOTT, S&B TRUCKING, and PRIME INSURANCE COMPANY ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendant respectfully represents that:

### BACKGROUND

1.

This action commenced against Prime in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, when Plaintiff filed his Petition for Damages on July 29,

2020, said action being designated as Case No. C-698356 Div. 27 ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

This lawsuit arises out of an alleged accident on August 3, 2019, in Webster Parish, State of Louisiana *See* Petition for Damages, ¶ 2, contained within Exhibit "A". Plaintiff alleges that on the day of the incident, she was travelling westbound on I-20 when suddenly and without warning the vehicle operated by defendant, Bradley Lott, and owned by defendant S&B Trucking, LLC, crossed into her lane of travel as she was attempting to merge onto I-20 westbound and collided with the vehicle operated by the Plaintiff. *Id*. at ¶ 3.

3.

Plaintiff avers that Bradley Lott is liable for failing to keep a proper look out, failing to keep his vehicles under proper control, operating his vehicles in a wanton and reckless manner with no regard for the rights and safety of others, failing to see what he should have seen and if having seen, in failing to heed, failing to maintain control of his vehicle, and not obeying the traffic laws of the state of Louisiana, all of which were in contravention of the exercise of due care and procedure. *See* Petition for Damages, ¶ 5, contained within Exhibit "A".

4.

Plaintiff additionally claims that at the time of the accident, Prime Insurance Company had in effect and issued a policy of liability insurance, insuring Defendants, Bradley D. Lott and S&B Trucking LLC, for her damages sustained in this accident. *Id.* at ¶ 8.

02173254-1                                      2

## JURISDICTIONAL BASIS FOR REMOVAL

5.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendant.

**A.   The Amount in Controversy is Satisfied**

6.

As a result of the accident, Plaintiff claims that she sustained injuries, including but not limited to her back and neck. Additionally, Plaintiff claims she additionally suffered the following damages, past, present and future: physical pain and suffering, mental pain, anguish, and distress, medical expenses, loss of enjoyment, disability, impairment of earning capacity, and lost wages. *Id*. at ¶¶ 7.

7.

Plaintiff alleges that Defendants were the proximate cause of plaintiff's injuries, and therefore, Defendants are indebted to plaintiff, for general and special damages in a principal amount that is reasonable in the premises, together with legal interest on the principal amount awarded from the date of judicial demand until paid and for all costs of this proceeding, including any expert witness fees and expenses, *Id*. at ¶¶ 2, 5.

8.

Further, it is also notable that Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy,

they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012). In light of Plaintiff's claimed damages and her failure to include such a statement in his prayer for relief, the amount in controversy requirement has been satisfied.

9.

Moreover, where, as here, Plaintiff fails to allege a specific amount of damages in the Complaint, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Pursuant to defense counsel's discussion with counsel for plaintiff on October 5, 2020, Plaintiff has undergone an anterior cervical discectomy and fusion. Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. If proven, it is likely that the plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts within the underlying jurisdiction:

A plaintiff who underwent an anterior cervical fusion received general damages in the amount of $350,000. *Sanford v. Kostmayer Construction Co.,* 891 F. Supp. 1201 (E.D. La. 1995). In *Cortez v. Zurich Ins. Co.,* 98-2059 (La. App. 1 Cir. 12/28/99); 752 So.2d 957, a woman received damages in the following amounts: $120,000 for past and future physical pain and suffering, $20,000 for past and future mental anguish, $41,000 in medical expenses, $300 for future medical expenses, and $75,000 for loss of quality of life. She underwent an anterior cervical fusion and psychological treatment.  A man suffered injuries as a result of an auto

accident, and as a result, underwent a cervical anterior fusion. He was awarded $350,000 for pain and suffering and $75,000 in disability damages for a total general damages award of $425,000. *Harvey v. State, DOTD,* 00-1877 (La. App. 4 Cir. 9/26/01), 799 So. 2d 569. A woman received general damages in the amount of $85,000, past medical expenses in the amount of $21,729.68 and future medical expenses in the amount of $4,541.21 as a result of an auto accident. *Boulanger v. Waters*, 2011 WL 7121541. She suffered personal injuries due to the collision, including injuries to her back, neck, legs, arms, wrists and hands and sought damages for her personal injuries, medical expenses, physical pain and suffering, mental anguish and loss of life enjoyment. *Id.* In *Poirrier v. Stevenson*, 2006 WL 1626634, the plaintiff was awarded $150,000 in damages for injuries he sustained to his back, neck, head, and teeth. The plaintiff in *Peoples v. Fred's Stores of Tenn., Inc.*, was awarded $85,000 in general damages for cervical injury and left-side pain. 38 So.3d 1209, 1226–27 (La. Ct. App. 3d Cir. 2010).

10.

Based on the above cases, if proven, Plaintiff's general damages alone easily exceed the jurisdictional amount of $75,000.

11.

It is readily apparent that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.00. Therefore, the amount in controversy requirement is satisfied unless Plaintiff can establish that the claim is for less than the requisite amount to a "legal certainty." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

B.   **There Is Complete Diversity of Citizenship**

12.

As alleged in her Petition, Plaintiff Tanya Capps is a citizen of the State of Louisiana. *See* Petition, Introductory Paragraph, included in Exhibit "A".

13.

Prime is and was, at the time the state action was commenced, an Illinois corporation with its principal place of business in Utah. Prime is thus a citizen of the State of Illinois and Utah for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.

Defendant, S&B Trucking LLC, as alleged, is and was a foreign company with its principal place of business in Byram, Mississippi, both at the time of the filing of this suit and at the time of removal. The sole member of S&B Trucking LLC is Billy Banaka who resides in Brandon, Mississippi. As such, the citizenship of S&B Trucking LLC is Mississippi.

15.

Defendant, Bradley D. Lott, is and was a resident and citizen of Mississippi, both at the time of the filing of this suit and at the time of removal.

16.

Because Plaintiff is a Louisiana resident, and Defendant are citizens of Illinois, Utah, and Mississippi, complete diversity exists in this action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

17.

Service of process was made on Prime Insurance Company through its registered agent for service on or about September 9, 2020. *See* Exhibit "A."

18.

Service of process was made on S&B Trucking LLC via the Louisiana Long Arm Statute on September 17, 2020.  *See* Affidavits of Service contained within Exhibit "A."

19.

Service of process was made on Bradley D. Lott via the Louisiana Long Arm Statute on September 28, 2020. *See* Affidavits of Service contained within Exhibit "A."

20.

Defendants file this Notice of Removal within thirty (30) days from the date that each were served with the Petition and within one year after commencement of this action, which was filed on July 29, 2020.  This removal is therefore timely.

21.

The United States District Court for the Middle District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

22.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants respectfully removes this action, *"Tanya D. Capps v. Bradley D. Lott, S&B Trucking, LLC, and Prime Insurance Company."* bearing docket number

698356, Sec 27, from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

        Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART**

*s/Raven A. Fielding*

_____
**JOSEPH G. GLASS (#25397)
RAVEN A. FIELDING (#33125)
RACHEL M. ANDERSON (#38658)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
jglass@duplass.com
rfielding@duplass.com
randerson@duplass.com
**Counsel for Defendant, Prime Insurance Company, S&B Trucking LLC, and Bradley D. Lott**